**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-450

GOOD SAM ENTERPRISES, LLC

and

CAMP COAST TO COAST, LLC,

       Plaintiffs,

  v.

GRAND INCENTIVES, INC.

       Defendant.

## COMPLAINT

Plaintiffs GOOD SAM ENTERPRISES, LLC and CAMP COAST TO COAST, LLC (hereinafter collectively referred to as "Plaintiffs" and/or "GSE"), for its complaint against GRAND INCENTIVES, INC. (hereinafter "Defendant" and/or "Grand Incentives"), states as follows:

### NATURE OF THE ACTION

1. In this action, Plaintiffs seek injunctive and monetary relief for acts of trademark infringement, unfair competition, deceptive trade practices, and breach of contract. This action arises under the Lanham Act, Title 15, United States Code § 1051, *et seq*. and the statutes and common law of the State of Colorado.

## PARTIES

2. Plaintiff GOOD SAM ENTERPRISES, LLC is a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business at 250 Parkway Drive, Suite 270, Lincolnshire, Illinois 60069.

3. Plaintiff CAMP COAST TO COAST, LLC is a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business at 64 Inverness Drive East, Englewood, Colorado 81112.

4. Plaintiff CAMP COAST TO COAST, LLC is a wholly owned subsidiary of Plaintiff GOOD SAM ENTERPRISES, LLC.

5. GSE, through its GOOD SAM CLUB and related affiliates, is the world's largest organization for recreational vehicle owners, offering a wide array of travel related services to its over 1.5 million members. GSE's services include, *inter alia*, roadside assistance, extended warranty, insurance, financial and travel assistance (hereinafter the "GSE Services").

6. GSE via its COAST TO COAST RV RESORT NETWORK offers travel and vacation related services to recreational vehicle enthusiasts throughout the United States through a network of members-only camp resorts throughout North America, including in the State of Colorado.

7. Upon information and belief, Defendant Grand Incentives, Inc. is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 7560 Commerce Court, Sarasota, Florida 34243.

8. Upon information and belief, Grand Incentives is a travel incentives company that provides promotional travel offers and incentives to customers throughout the United States, including to customers in the State of Colorado.

9. Upon information and belief, Grand Incentives operates Internet web sites and Facebook pages under the names "Grand Getaways" and "Coast to Coast Grand Getaways" where it offers vacation and other travel related services.

## JURISDICTION AND VENUE

10. This is a civil action arising under the Lanham Act of the United States, 15 U.S.C. § 1051 *et seq.,* subject matter jurisdiction being conferred on this Court under 15 U.S.C. § 1121, 28 U.S.C. § 1332 and 28 U.S.C. §§ 1338(a) and (b) and 28 U.S.C. § 1367.

11. This is an action in which the Plaintiff and Defendant are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

12. This court has personal jurisdiction over Defendant.

13. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

14. Jurisdiction and venue are also proper in this District pursuant to an agreement between the parties, which is described in detail herein.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Plaintiff's Trademarks

15. GSE and/or its affiliates, licensees or predecessors-in-interest are, and have been for many years, engaged in the sale and marketing of a variety of travel and recreational vehicle related services including, but not limited to, roadside assistance, extended warranty, insurance,

financial services, discount programs for parts and vehicle purchases, and travel and vacation assistance services.

16.     GSE and/or its affiliates operates a club for recreational vehicle owners and enthusiasts which has, at present, over 1.5 million members worldwide.

17.     GSE operates an Internet web site located at the url net retail site located at http://www.goodsamclub.com where it offers GSE's Services.

18.     In addition to its famous family of GOOD SAM marks, GSE is the owner of a number of COAST TO COAST formative marks including, but not limited to the following U.S. Trademark Registrations:

| *Mark* | *U.S. Reg. No. and Status* | *Goods/Services* |
|---|---|---|
| COAST to COAST EST. 1972 | 3,599,173<br><br>Registered | Travel information directories, newsletters pertaining to travel, travel related services and topics of interests to recreational vehicle enthusiasts; magazines pertaining to travel, travel related services and topics of interest to recreational vehicle enthusiasts; decals, printed paper signs, maps, atlases and business forms; Promoting the goods and services of others by providing club members discounts at participating campgrounds, RV parks; membership club services providing discounts and processing rebates for the services of outdoor recreation enthusiasts; membership program for recreational vehicle enthusiasts, namely, providing customer loyalty services and customer club services for commercial, promotional, and advertising purposes;  Administration of customer benefit plans concerning insurance; insurance brokerage services in the fields of passenger cars, trucks, and recreational vehicles; insurance underwriting services in the fields of  travel, passenger cars, trucks, and recreational vehicles; and credit card services; Emergency roadside assistance services, namely, responding to calls for roadside assistance, flat tire changing, emergency fuel supplying, and battery jump starting; Providing on-line publications in the nature of magazines and articles with topics of interest to recreational vehicles enthusiasts and travelers; providing a web site featuring information |

| | | |
|---|---|---|
| | | in the field of outdoor recreation activities; Travel agency services, namely, making reservations and booking for temporary lodging for campgrounds and campground resorts |
| COAST TO COAST | 1,594,211<br><br>Registered Incontestable | travel information directories, newsletters, magazines, decals, printed signs, maps and atlases |
| COAST TO COAST | 1,655,776<br><br>Registered Incontestable | emergency roadside services |
| COAST TO COAST | 1,593,450<br><br>Registered Incontestable | providing travel information on airlines, crises, accommodations, including participating camping areas and resorts and vehicle rentals |
| CAMP COAST TO COAST | 1,458,728<br><br>Registered Incontestable | reservation services for participating camping areas and resorts; providing travel information on airlines, cruises, accommodations; and vehicle rentals |
| COAST TO COAST | 2,285,802<br><br>Registered Incontestable | providing a web site featuring articles and other information of interest to recreational vehicle enthusiasts, camping enthusiasts, sports enthusiasts and travelers |

(hereinafter, the "COAST TO COAST Marks").

19. Since at least as early as 1973, GSE and/or its affiliates, licensees or predecessors-in-interest have used some or all of the COAST TO COAST Marks in interstate commerce throughout the United States and elsewhere. Examples of such use in connection with the GSE Services are attached hereto as Exhibit A. Plaintiff has made an enormous investment in advertising and promoting its services in connection with its COAST TO COAST Marks. As a result, GSE has acquired extremely valuable goodwill in association with the COAST TO COAST Marks, which have become famous and distinctive in connection with the GSE

5

Services. GSE's customers have come to rely on the COAST TO COAST Marks as a symbol of quality and reliability.

20.     A copy of the Certificates of Registration issued by the United States Patent and Trademark Office for GSE's COAST TO COAST trademark registrations is attached hereto as Exhibit B. Said registrations, currently owned by GSE, are valid and subsisting, and all but one have obtained incontestable status. As such, the registrations constitute *prima facie* and/or conclusive evidence of GSE's exclusive right to use its registered marks in connection with the services covered by the registrations. 15 U.S.C. §§ 1115(a) and (b).

21.     Since long prior to the acts of Defendant complained of herein, GSE and/or its affiliates, licensees or predecessors-in-interest have continuously and exclusively used the COAST TO COAST Marks within the State of Colorado and throughout the United States in interstate commerce.

### Defendant's Infringing Acts

22.     Upon information and belief, Defendant offers a variety of travel incentive and travel promotion services to corporate customers throughout the United States namely: Business marketing services, namely, loyalty marketing, incentive marketing, targeted marketing, and target marketing; direct marketing services; promoting, conducting and administering employee performance incentive award programs for others. Travel services being services offered by travel agents, namely, passenger transport services; air travel services, namely, arranging air transportation; car hire services, namely, arranging car transport and rental of cars; road transport services, namely, arranging bus transport and bus chartering; railway transport services; sea transport services, namely, arranging boat cruises, boat chartering, passenger ship transport,

ferry-boat transport and rental of boats; travel agency services, namely, booking and reservation of travel services for transportation; travel ticket reservation services; tourist agency services, namely, providing information regarding sightseeing tours and cruises; arranging travel, car rental, tours and cruises for package holidays; air transport services; transport and delivery of goods; travel and tourist agency services, namely, online services of searching for, reserving and booking seats for travel; travel and tour information services (hereinafter "Defendant's Services").

23. Grand Incentives was party to an agreement with Plaintiff CAMP COAST TO COAST, LLC, referred to as the "Exclusive Referral & Services Agreement" dated July 11, 2006 and its later addendum dated December 13, 2007 (collectively the "ERSA").

24. During the term of the ERSA, Grand Incentives was permitted, pursuant to a valid and limited trademark license contained in the ERSA, to use certain of the COAST TO COAST Marks in connection with Defendant's Services.

25. The ERSA was subsequently terminated on or about November 1, 2011 (see Exhibit C, attached hereto, titled *Termination, Assignment, Assumption And Transition Agreement* – hereinafter the "Termination Agreement").

26. Section 5(a) of the Termination Agreement provides Grand Incentives with limited non-exclusive and non-assignable license to use the COAST TO COAST Marks during a two year transition period (see Section 5(a) – "Transition Period" of Exhibit C) which expired October 31, 2013.   As a result, Grand Incentives was prohibited from using any of the COAST TO COAST Marks after October 31, 2013.

27. On November 13, 2013 counsel for GSE provided written notice of GSE's objection to Grand Incentive's ongoing use of the COAST TO COAST Marks (attached hereto as Exhibit D)

28. Notwithstanding the prohibitions set forth in the Termination Agreement as well as the demands of GSE to cease use of the COAST TO COAST Marks, Grand Incentives continues to use one or more of the COAST TO COAST Marks in interstate commerce in connection with Defendant's Services. Examples of such unauthorized and infringing ongoing use are attached hereto as Exhibit E.

29. Upon information and belief, Grand Incentives adopted and used one or more of GSE's COAST TO COAST Marks with constructive and/or actual knowledge of GSE's exclusive and incontestable rights in and to the COAST TO COAST Marks and without the express or implied consent of Plaintiffs.

30. Upon information and belief, Grand Incentives adopted one or more of GSE's COAST TO COAST Marks with the intent to trade on and/or capitalize on the goodwill symbolized by the COAST TO COAST Marks.

31. Upon information and belief, in direct violation of GSE's rights in and to the COAST TO COAST Marks, Defendant has been and is using one or more of the COAST TO COAST Marks in interstate commerce in connection with Defendant's Services, despite Plaintiffs' ongoing objection to same.

32. Grand Incentive's continued use of one or more of the COAST TO COAST Marks after November 1, 2013 constitutes a material breach of both the ERSA and Termination Agreements.

33. As a result of Defendant's continued unauthorized use of one or more of the COAST TO COAST Marks, actual consumer confusion has taken place.

34. Section 9(g) of the Termination Agreement states that the agreement and any disputes arising therefrom should be governed under and construed with the laws of the State of Colorado and that any action to enforce said Agreement shall be brought in the State of Colorado.

## COUNT I

### Violation of Section 32(1) of the Lanham Act – Trademark Infringement

35. GSE repeats and realleges herein the allegations of paragraphs 1-34 as if fully set forth herein.

36. Grand Incentive's use of one or more of the COAST TO COAST Marks has caused actual confusion and is likely to cause public confusion, mistake or deception as to the origin or source of Services, in violation of the Lanham Act, Section 32(1), 15 U.S.C. § 1114(1).

37. Defendant's acts, as complained of herein, have caused irreparable injury and damage to GSE and, unless restrained, will continue to do so.  Plaintiffs have no adequate remedy at law.

38. GSE has suffered and continues to suffer economic loss directly and proximately caused by Defendant's actions alleged herein.

## COUNT II

### Violation of Section 43(a) of the Lanham Act – Unfair Competition

39. GSE repeats and realleges herein the allegations of paragraphs 1-38 as if fully set forth herein.

40. Grand Incentive's use of one or more of the COAST TO COAST Marks constitutes a false designation of origin, a false or misleading description of fact or a false or misleading representation of fact which is likely to cause confusion, mistake or deception in violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

41. The aforesaid willful and deliberate acts of Defendant have caused irreparable injury and damage to Plaintiffs and, unless restrained, will continue to do so. Plaintiffs have no adequate remedy at law.

42. GSE has suffered and continues to suffer economic loss directly and proximately caused by Defendant's actions alleged herein.

## COUNT III

### Deceptive Trade Practices under Colo. Rev. Stat. § 6-1-105

43. GSE repeats and re-alleges the allegations of paragraphs 1 through 42 as if fully set forth herein.

44. Defendant's use of one or more of the COAST TO COAST Marks constitutes deceptive trade practices as contemplated by Colo. Rev. Stat. § 6-1-105.

45. Grand Incentive's use of one or more of the COAST TO COAST Marks constitutes passing off of goods or services or property as those of another in violation of Colo. Rev. Stat. § 6-1-105(1)(a).

46. Grand Incentive's use of one or more of the COAST TO COAST Marks constitutes a false representation as to the source, sponsorship, approval, or certification of goods, services, or property in violation of Colo. Rev. Stat. § 6-1-105(1)(b).

47. Grand Incentive's use of one or more of the COAST TO COAST Marks constitutes a false representation as to affiliation, connection, or association with or certification by another in violation of Colo. Rev. Stat. § 6-1-105(1)(c).

48. Defendant's acts, as complained of herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

49. Plaintiffs have no adequate remedy at law.

50. Plaintiffs have suffered and continue to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

## COUNT IV

### Common Law Trademark Infringement and Unfair Competition

51. GSE repeats and re-alleges the allegations of paragraphs 1 through 50 as if fully set forth herein.

52. GSE enjoys well-established common law service mark rights in and to the COAST TO COAST Marks.

53. GSE first adopted and used the COAST TO COAST Marks in its market or trade area as a means of establishing goodwill and reputation and to describe, identify or denominate particular goods and/or services rendered or offered by GSE and to distinguish them from similar goods and services rendered or offered by others. As a result, GSE's COAST TO COAST Marks have acquired secondary meaning.

54. Defendant has used, in connection with the sale of its services, terms or names that are identical or confusingly similar to one or more of the COAST TO COAST Marks and which are likely to cause and/or have caused confusion or mistake as to the source, affiliation,

connection or association of Defendant's Services in that consumers thereof are likely to associate or have associated such services as originating with GSE, all to the detriment of GSE.

55. Plaintiffs have no adequate remedy at law.

56. Plaintiffs have suffered and continue to suffer economic loss directly and proximately caused by Defendant's actions alleged herein.

## COUNT V

### Breach of Contract

57. GSE repeats and re-alleges the allegations of paragraphs 1 through 56 as if fully set forth herein.

58. Plaintiff CAMP COAST TO COAST, LLC and Grand Incentives entered into a valid and binding agreement (the ERSA) on or about July 11, 2006 with a later addendum agreed to by the parties on or about December 13, 2007, which governed the relationship between the parties with respect to a particular referral program.

59. On or about November 1, 2011, the ERSA was terminated and Grand Incentives was no longer permitted to use any of the COAST TO COAST Marks after November 1, 2013.

60. Grand Incentives has continued using of one or more of the COAST TO COAST Marks, in direct violation of the terms set forth in the ERSA and Termination Agreement constituting a willful and material breach of said agreements.

61. Plaintiffs have no adequate remedy at law.

62. Plaintiffs have suffered and continue to suffer economic loss directly and proximately caused by Defendant's actions alleged herein.

**PRAYER FOR RELIEF**

**WHEREFORE**, GSE prays that this Court enter judgment against Defendant as follows:

A. Preliminarily and permanently enjoining Defendant, and its officers, agents, servants, employees, attorneys and those persons, firms or corporations, acting in concert and participation with it who receive actual notice of this order by personal service or otherwise, from use of any of the COAST TO COAST Marks, or any other colorable imitation of any of the COAST TO COAST Marks in any advertisement, promotion, offer for sale, or sale of any goods or services that are sufficiently similar to those offered by GSE such that confusion is likely;

B. Finding Defendant liable for infringement of the COAST TO COAST Marks and for acts of unfair competition under the Lanham Act and common law;

C. Finding Defendant liable for acts of unfair competition and/or deceptive trade practices under Colorado law, Colo. Rev. Stat. § 6-1-105;

D. Ordering an award to GSE of all actual damages and an accounting by Defendant to GSE of Defendant's profits resulting from use of the COAST TO COAST Marks or any other colorable imitation of the COAST TO COAST Marks;

E. Ordering the immediate and unconditional surrender of any and all registrations for Internet domain names which contain any of the COAST TO COAST Marks including, but not limited to, www.coasttocoastgrandgetaways.com;

F. Awarding damages to GSE in an amount yet to be determined, including damages for injury to Plaintiff's business reputation and goodwill and all other damages arising from the acts of Defendant complained of herein;

G. Awarding three times the amount of GSE's damages or Defendant's profits, whichever is greater;

H. Ordering an award to GSE of all prejudgment and post-judgment interest;

I. Awarding GSE all of its costs, disbursements and reasonable attorneys' fees due to the exceptional nature of this case pursuant to 15 U.S.C. § 1117;

J. Awarding GSE other such relief, in law or in equity, as this Court deems appropriate.

## JURY DEMAND

GSE demands a trial by jury on all matters so triable.

Respectfully submitted,

Dated:  February 20, 2014

s/Ian R. Walsworth
John R. Posthumus
Ian R. Walsworth
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO  80202-5141
Phone:  303.863.9700
Facsimile:  303.863.0223
E-mail:  jposthumus@sheridanross.com;
iwalsworth@sheridanross.com;
litigation@sheridanross.com

Of Counsel:

Richard B. Biagi
Kevin J. McDevitt
NEAL & MCDEVITT, LLC
1776 Ash Street
Northfield, Illinois 60093
Phone:  847.441.9100
Fax:  847.441.0911
rbiagi@nealmcdevitt.com
kmcdevitt@nealmcdevitt.com
*Counsel For Plaintiffs*